**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BRETT ANTONACCI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 07-181-WDS-PMF |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Plaintiff, Brett Antonacci, seeks judicial review of a final decision of the Commissioner of Social Security denying his January, 2004, application for disability insurance benefits. Antonacci's application was denied on April 21, 2006, following an administrative determination that he was not disabled. That decision became final when the Appeals Council declined to review a decision reached by an Administrative Law Judge (ALJ). Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g).

To receive disability benefits, a claimant must be "disabled." A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A).

The Social Security regulations provide for a five-step sequential inquiry that must be followed in determining whether a claimant is disabled. 20 C.F.R. § 404.1520. The Commissioner

must determine in sequence: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner, (4) whether the claimant can perform his or her past work, and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000). If the claimant does not have a listed impairment but cannot perform his or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job. *Id*.

The ALJ evaluated plaintiff's claim through Step 5 of the sequential analysis. At that stage, the ALJ considered plaintiff's residual functional capacity in light of vocational factors and decided that he remained capable of performing a significant number of jobs (R. 18-26).

Under the Social Security Act, a court must sustain the Commissioner's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" of proof. The standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). This Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Id*. However, the Court does not defer to conclusions of law, and if the Commissioner makes an error of law or serious mistakes, reversal is required unless the Court is satisfied that no reasonable trier of fact could have come to a different conclusion. *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996).

### I.     Lack of Discussion of Veteran's Administration Determination

Plaintiff argues that the ALJ erred by failing to mention or discuss evidence that he was awarded disability benefits by the Veterans Administration (VA). Defendant responds that the

ALJ's discussion of plaintiff's impairments was sufficient because the VA's decision is not binding.

The administrative record contains a notice from the VA awarding benefits based on a finding that plaintiff was unable to work due to service-related disabilities (R. 62-66). When the ALJ explained his analysis of the evidence, he did not mention the VA decision or explain why the evidence was not persuasive.

To permit meaningful review, ALJs must articulate, at some minimal level, their reasons for accepting or rejecting entire lines of evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir.1994). The right amount of articulation shows that important evidence has been considered and reveals the path of the ALJ's reasoning. *Books v. Chater*, 91 F.3d 972, 980 (7th Cir. 1996).

The VA's determination of disability is not binding on the Social Security Administration. 20 C.F.R. § 404.1504. Still, the VA's determination is evidence lending support to plaintiff's claim that he is unable to work due to his medical condition, 20 C.F.R. § 404.1512(b)(5). While the ALJ was not obligated to acquiesce in the VA's decision, the decision must be considered and minimally discussed. *Grogan v. Barnhart*, 399 F.3d 1257, 1262-1263 (10th Cir.2005); *Davel v. Sullivan*, 902 F.2d 559, 560 n. 1 (7th Cir. 1990). Social Security Ruling 06-03p specifically provides that such evidence cannot be ignored and must be considered. SSR 06-03p.

In a footnote, defendant suggests that any error is harmless. This argument is not persuasive. The VA increased the level of plaintiff's disability for post-traumatic stress disorder (PTSD) from 30% to 70% (R. 64). The 70% rating was based on plaintiff's clinical picture and reflects occupational and social impairments, with deficiencies in most areas, including the abilities to work and adapt to the stress of a work setting (R. 65-66). A rational ALJ might very well conclude that the VA has considerable expertise in evaluating the effect of service-related ailments such as PTSD. In these circumstances, the error is not harmless. The VA's decision provides insight into plaintiff's mental and physical impairments and the degree of his disability. SSR 06-03. Remand for

articulation of the ALJ's assessment of the VA's determination is warranted.

## II. Mistakes Describing Plaintiff's Testimony

Plaintiff also argues that the ALJ did not accurately summarize his testimony, producing an unreliable credibility assessment. Defendant responds that the ALJ properly assessed the credibility of plaintiff's testimony.

At the hearing, plaintiff testified that he could lift items weighing 10 to 12 pounds regularly, meaning several times in a day (R. 376). When the ALJ summarized this aspect of plaintiff's testimony, he wrote that plaintiff testified that he can lift 10-12 pounds frequently (R. 21). The ALJ's comment indicates that he misunderstood plaintiff's testimony on this aspect of his perception of his functional restrictions. The misunderstanding appears to have influenced the ALJ's findings regarding plaintiff's maximum sustained work capability, as the ALJ found that plaintiff's "admitted abilities" were generally consistent with work at the light level of physical exertion (R. 24). Light work entails frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b).

At the hearing, plaintiff testified that he washes dishes, sometimes vacuums, and does laundry every 10-14 days. He explained that his friends help him with the dusting and cleaning (R. 381). When the ALJ summarized plaintiff's testimony, he said plaintiff "tries" to clean house, vacuum, and wash dishes (R. 22). When the ALJ evaluated plaintiff's subjective complaints, he said plaintiff "admits to doing a full range of housework" (R. 23). Daily activities are considered in assessing symptoms, such as pain. 20 C.F.R. § 1529(c)(3). This misstatement appears to have influenced the ALJ's analysis of plaintiff's symptoms.

Because ALJs must fairly evaluate the record, mischaracterization of important evidence is grounds for remand. *Golembiewski v. Barnhart*, 322 F.3d 912, 917-918 (7th Cir 2003). On remand, the ALJ should reconsider plaintiff's testimony and reevaluate his functional abilities and limitations

as well as his symptoms.

### III. Analysis of Psychological Evidence

Plaintiff also argues that the ALJ failed to make findings regarding certain psychological evidence. Defendant responds that substantial evidence supports the determination that plaintiff could perform a significant number of jobs in the national economy.

This aspect of plaintiff's brief is not supported by any discussion of applicable legal authority. Because the argument is undeveloped, it is not considered.[1] *Kelly v. Municipal Courts of Marion County*, 97 F.3d 902, 910 (7th Cir. 1996)(argument deemed waived when plaintiff failed to offer a coherent legal framework for analysis); *United States v. Eddy*, 8 F.3d 577, 583 (7th Cir. 1993)(inadequately developed arguments are waived).

### IV. Conclusion

IT IS RECOMMENDED that the Commissioner's final decision regarding Brett Antonacci's January, 2004, application for disability insurance benefits be REVERSED. This case should be REMANDED to the Commissioner for further proceedings and a new decision. On remand, the ALJ should consider and articulate the analysis of the VA disability determination. The ALJ should also reevaluate plaintiff's testimony, functional limitations and abilities, and symptoms.

**SUBMITTED:   February 20, 2008   .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] On May 16, 2007, the parties were instructed to include in their briefs a discussion of the law applicable to each issue, together with appropriate citations of authority (Doc. No. 8).